**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| DENISE C. SANDY,<br><br>     Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>     Defendant. | Civil Action No. 8:16-cv-01422-CEH-AEP<br><br>(Removed from County Court Sixth Judicial Circuit in and for Pinellas County, Florida; Case No. 2016-SC-004764-XX-SCSC) |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES**

COMES NOW Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

**INTRODUCTION**

1. Ocwen admits that Plaintiff's Amended Complaint purports to assert a claim for an alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Ocwen denies that Plaintiff's Amended Complaint states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.

2. Ocwen states that the regulations and statutes cited in Paragraph 2 of the Amended Complaint speak for themselves. To the extent the allegations contained in Paragraph 2 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact,

they are denied. Ocwen denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. Ocwen admits that Plaintiff purports to seek remedies under RESPA. Ocwen denies that Plaintiff has stated a claim or that she is entitled to any such remedies.

## JURISDICTION AND VENUE

4. The allegations of Paragraph 4 of the Amended Complaint are moot as the instant case has been removed to this Court.

5. Ocwen admits that venue is proper in the United States District Court for the Middle District of Florida; however Ocwen states that the proper division is the Orlando Division.

6. Ocwen denies the allegations in Paragraph 6 of the Amended Complaint and demands strict proof thereof.

7. Ocwen admits that venue is proper in the United States District Court for the Middle District of Florida; however Ocwen states that the proper division is the Orlando Division. Ocwen denies that any damages were incurred and demands strict proof thereof, and it further denies that any damages were incurred in Pinellas County. Ocwen denies the remaining allegations in Paragraph 7 of the Amended Complaint.

8. Ocwen states that the rule cited in Paragraph 8 of the Amended Complaint speaks for itself. Further, the allegations in Paragraph 8 are moot as the instant case has been removed to this Court. To the extent the allegations contained in Paragraph 8 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Ocwen denies the remaining allegations in Paragraph 8 of the Amended Complaint.

451372.1

9. Ocwen states that the statute referenced in Paragraph 9 of the Amended Complaint speaks for itself. To the extent the allegations contained in Paragraph 9 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Ocwen denies the remaining allegations in Paragraph 9 of the Amended Complaint.

## PARTIES

10. Ocwen admits the allegations in Paragraph 10 of the Amended Complaint.

11. Ocwen admits it serviced the loan until the sale of the property on or about November 9, 2015. Ocwen denies the remaining allegations in Paragraph 11 of the Amended Complaint and demands strict proof thereof.

## BACKGROUND OF LOAN TRANSACTION

12. Ocwen denies the allegations in Paragraph 12 of the Amended Complaint and demands strict proof thereof.

13. Ocwen denies the allegations in Paragraph 13 of the Amended Complaint and demands strict proof thereof.

14. Ocwen admits that Korte and Wortman, P.A. mailed a written request for information to Ocwen, and that a copy of the request is attached to the Amended Complaint as Exhibit "A". Ocwen lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Ocwen admits the allegations in Paragraph 15 of the Amended Complaint.

16. Ocwen admits that Korte and Wortman, P.A. sent a Notice of Error Letter to Ocwen, and that a copy of the notice is attached to the Amended

Complaint as Exhibit "C". Ocwen denies the remaining allegations in Paragraph 16 of the Amended Complaint.

## Count I:

17. Ocwen incorporates by reference its responses to paragraphs 1 through 16 of the Amended Complaint.

18. Ocwen denies the allegations in Paragraph 18 of the Amended Complaint and demands strict proof thereof.

19. Ocwen states that the regulation cited in Paragraph 19 of the Amended Complaint speaks for itself. To the extent the allegations contained in Paragraph 19 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Ocwen denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Ocwen denies the allegations in Paragraph 20 of the Amended Complaint and demands strict proof thereof.

21. Ocwen states that the regulation cited in Paragraph 21 of the Amended Complaint speaks for itself. To the extent the allegations contained in Paragraph 21 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Ocwen denies the remaining allegations in Paragraph 21 of the Amended Complaint.

22. Ocwen states that the regulation cited in Paragraph 22 of the Amended Complaint speaks for itself. To the extent the allegations contained in Paragraph 22 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are

451372.1

denied. Ocwen denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. Ocwen states that the regulation cited in Paragraph 23 of the Amended Complaint speaks for itself. To the extent the allegations contained in Paragraph 23 of the Amended Complaint purport to state a legal conclusion that cannot be admitted or denied as a matter of fact, they are denied. Ocwen denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24. Ocwen denies the allegations in Paragraph 24 of the Amended Complaint and demands strict proof thereof.

25. Ocwen denies the allegations in Paragraph 25 of the Amended Complaint and demands strict proof thereof.

26. Ocwen denies the allegations in Paragraph 26 of the Amended Complaint and demands strict proof thereof.

27. Ocwen denies the allegations in Paragraph 27 of the Amended Complaint and demands strict proof thereof.

28. Ocwen lacks sufficient knowledge to admit or deny the allegations in Paragraph 28 of the Amended Complaint; therefore, Ocwen denies the allegations.

29. Ocwen denies the allegations in Paragraph 29 of the Amended Complaint and demands strict proof thereof.

30. Ocwen denies the allegations in Paragraph 30 of the Amended Complaint and demands strict proof thereof.

31. Ocwen denies each and every allegation of fact not otherwise specifically addressed herein.

Ocwen denies the allegations contained in the Plaintiff's prayer for relief, and denies that Plaintiff is entitled to any relief against Ocwen.

451372.1

## **AFFIRMATIVE DEFENSES**

Ocwen reserves the right to amend its Affirmative Defenses to allege further defenses that it may have against Plaintiff as additional defenses become apparent throughout the course of this litigation. Notwithstanding the foregoing and without waiving its right to assert additional defenses, Ocwen alleges the following Affirmative Defenses.

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claim is barred, in whole or in part because Plaintiff no longer owns the subject property. A final judgment of foreclosure was entered on October 7, 2015 in the case styled *U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-KS8 v. Denise C. Sandy A/K/A Denise Sandy, et al.* in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, Case Number 2015-CA-001003-MF. A certificate of title was issued in favor of U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-KS8 on November 20, 2015.

3. Plaintiff's claim is barred, in whole or in part because the subject loan has been paid off with funds from the sale of the subject property.

4. Ocwen did not violate 12 U.S.C. § 2605(k). Plaintiff's claims fail, in whole or in part, because Ocwen timely and fully responded to her request for information and Plaintiff further suffered no damages as a result of any alleged failure to respond.

451372.1

5. Plaintiff's claims fail, in whole or in part, because Ocwen timely and fully responded to her notice of error and Plaintiff further suffered no damages as a result of any alleged failure to respond.

6. If any violations of federal law occurred, which Ocwen denies, those violations were not intentional but instead resulted from a bona fide error notwithstanding the maintenance procedures reasonably adopted to avoid such error.

7. At all times, Ocwen acted in good faith and without malice or intent to injure Plaintiff or to violate federal law.

8. Plaintiff's claim is barred, in whole or in part, because no action or alleged failure to act on the part of Ocwen proximately caused any actual or other damages.

9. Ocwen denies that Plaintiff is entitled to damages of the nature, type, and amount sought in the Amended Complaint, or any relief whatsoever against Ocwen.

WHEREFORE, having fully answered, Defendant Ocwen Loan Servicing, LLC, respectfully requests that this Court:

(a)  dismiss the Amended Complaint with prejudice;

(b)  award Ocwen its reasonable attorneys' fees and costs in connection with this matter; and

(c)  grant Ocwen such other and further relief as the Court finds appropriate and just.

Respectfully submitted this 10th day of June, 2016.

/s/ Zina Gabsi
Zina Gabsi

451372.1

Florida Bar No. 73789
gabsiz@bryancave.com
W. Bard Brockman
Florida Bar No. 0868817
bard.brockman@bryancave.com
BRYAN CAVE LLP
200 South Biscayne Boulevard
Suite 400
Miami, FL 33131
Telephone: (786) 322-7500
Facsimile: (786) 322-7501
*Counsel for Defendant Ocwen Loan Servicing, LLC*

451372.1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DENISE C. SANDY,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | Civil Action No. 8:16-cv-01422-CEH-AEP<br><br>(Removed from County Court Sixth Judicial Circuit in and for Pinellas County, Florida; Case No. 2016-SC-004764-XX-SCSC) |

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** has been filed via the Courts CM/ECF system, and served by electronic mail on the following counsel of record:

> Liz Cline, Esq.
> KORTE & WORTMAN, P.A.
> 2325 Ulmerton Rd., Suite 16
> Clearwater, FL 33762
> Email: service@kwlawfirm.com

This <u>10th</u> day of June, 2016.

>  /s/ Zina Gabsi
> Zina Gabsi, Esq.
> Florida Bar. No. 73789
> BRYAN CAVE LLP
> 200 South Biscayne Blvd., Ste 400
> Miami, FL 33131
> Tel: (786) 322-7386
> Email: gabsiz@bryancave.com

451372.1

*Counsel for Defendant Ocwen Loan Servicing, LLC*

451372.1